UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: LEMUEL TURTON | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| LEMUEL TURTON | : | |
| Respondent | : | CASE NO. 5-22-bk-02145 |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 9th day of January, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Transportation ownership expense – Line 13 – Ownership expense for vehicles(s) without lien not permitted.

2. Debtor(s)' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the debtor has excess non-exempt equity in the following:

    a. Residential real estate. The Trustee has requested proof of the value of the debtor's home as stated in his schedules – CMA needed.

3. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a. Plan ambiguous - Base amount.

4. The Trustee provides notice to the Court as to the ineffectiveness of debtor(s) Chapter 13 Plan for the following reasons:

    a. Under Median Income selected, but actually over Median.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Douglas R. Roeder
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 11th day of January, 2023, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Bradley Weidenbaum, Esquire
P.O. Box 721
Broheadsville, PA 18235

/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee

Case 5:22-bk-02141-MJC    Doc 27    Filed 01/11/23    Entered 01/11/23 13:19:54    Desc
Main Document    Page 2 of 2